ROBERT FOX, ESQ.
630 Third Avenue
New York, New York 10017
(212) 867-9595

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CELESTINO PACHECO LOPEZ,

     Plaintiff,     Case No. 14-CV-4443 (PKC)

MOHAMMED MOHAMMED, KIRSTEN
GOLDBERG, EL-RAWSHEH CAFÉ &    AFFIDAVIT OF
RESTAURANT, INC., EL-RAWSHEH     GEORGE FANOUS
CAFÉ, INC., EL RAWSHEH CUISINE, INC., d/b/a IN SUPPORT OF
EL-RAWSHEH,           MOTION TO VACATE
     Defendants        DEFAULT JUDGMENT

---

STATE OF NEW YORK )
         )ss:
COUNTY OF QUEENS )

  I, George Fanous, duly swear under penalty of perjury:

  1. I am the President of the Defendant El Rawsheh Cuisine, Inc. herein. I make this Affidavit in support of vacating the default judgment entered against the Defendants on November 26, 2014.

  2. I make this motion to vacate the judgment based upon voidness of judgment due to lack of jurisdiction, excusable default and a meritorious defense, and fraud.

1

3. Mr. Mohammed Mohammed, one of the Defendants herein, is the vice-president of the Defendant El-Rawsheh, Cuisine, Inc. ("El Rawsheh") Together, we manage the Defendant El-Rawsheh, a restaurant and hookah bar.

4. Neither myself nor Mr. Mohammed was ever served with the summons and complaint in this matter, either individually or on behalf of the corporations. I first learned of this case filing shortly after December 5, 2014, when I received a letter from an attorney informing me that judgment was entered. Although an individual had contacted me for information about the Plaintiff's employment during August, I was unaware that there was a pending lawsuit and unaware that I was even speaking to an attorney until I reviewed the exhibit submitted by the plaintiff to the court a few days ago. I speak English but it is not my first language and I do not always quickly understand legal terminology.

5. Had I received the summons and complaint, I would have responded or given it to Mr. Mohammed to respond. If Ihab Ilbana (an employee of El Rawsheh) had received the complaint, as alleged in the Affidavit of Service in this case (see Exhibit C) he would have given it to either me or Mr. Mohammed. (See Affidavit of Ihab Ilbana).

6. The Plaintiff's complaint is replete with falsehoods. I believe it is a blatant attempt to mislead the Court. First, it is completely untrue that "Kirsten Goldberg" managed the restaurant. (See paragraphs 17 and 20 of Complaint) I do not even know an individual named Kirsten Goldberg, let alone manage a restaurant with her.

7. Most importantly, Defendants did not employ Plaintiff from mid June until June 21, 2014 as a dishwasher and cleaner. Defendant employed the Plaintiff for only about two week

2

from June 15, 2014 until June 29, 2014. He was paid in full for this time period. At no time did he work 84 hours per week (see paragraph 24 of the complaint). Lopez was paid $20 per hour and worked twenty hours per week.

8. Moreover, El Rawsheh is a restaurant which closes at about 11:00 PM. Lopez did not work from 4:00 PM until 4:00 AM with no breaks as he alleges in paragraph 12 of his complaint. The premises are not and were not ever open at 4:00 AM and the plaintiff would never have been present on the premises at this hour. This statement is blatantly false. Nor was Plaintiff ever subjected to verbal abuse.

9. Defendants did not terminate Plaintiff's employment, he himself quit after approximately two weeks, stating that he was nervous because there were so many pots to clean. At the time he quit, he was not owed any monies from Defendant as he was paid the day after he quit.

10. Mr Lopez was employed for two weeks during June, 2014. Thus, this employer would never have been subject to any requirement to provide wage notices to Lopez in February, as he was never employed in February. Moreover, Lopez never requested any explanation of how his wages were calculated.

11. The Defendants were never served with this Complaint and have meritorious defenses as demonstrated above. Moreover, the complaint contains blatant falsehoods.

WHEREFORE, it is respectfully requested that the judgment entered in this case be vacated and the Court grant such other further relief as it deems appropriate.

*[signature]*
GEORGE FANOUS

Sworn to before me this
18th day of February, 2015

*[signature]* Ashraf A. Hanno
Notary Public

**ASHRAF A. HANNO**
Notary Public, State of New York
No. 01HA6313974
Qualified in Queens County, Filed NYC County
Commission Expires Nov. 3, 2018

4