UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

Celestino Pacheco Lopez, on behalf of himself and
those similarly situated,

                       Plaintiff,                PLAINTIFF'S CLASS ACTION
                                                                   COMPLAINT

    -against-

Mr. Mohammed Mohammed, El-Rawsheh Café & Restaurant Inc.,
El-Rawsheh Café Inc., El-Rawsheh Cuisine Inc.,
and/or Kirsten Goldberg or Other Owner(s) d/b/a El-Rawsheh,

                       Defendants.
----------------------------------------------------------------x

Plaintiff, Celestino Pacheco Lopez, individually, and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid minimum wages, overtime, spread-of-hours premiums and statutory penalties for notice-and-recordkeeping violations for plaintiff and his similarly situated co-workers, hourly employees of El-Rawsheh Café & Restaurant Inc., El-Rawsheh Café Inc., El-Rawsheh Cuisine Inc., d/b/a El-Rawsheh, a restaurant located at 25-48 Steinway St., Astoria 11103-3702, County of Queens, State of New York (hereinafter "El-Rawsheh").

2. Defendants have paid plaintiff less than the required minimum wage, deprived him of overtime pay, and the spread-of-hours premium from approximately June 1, 2013 to June 21, 2014. Based on plaintiff's observations, and upon information and belief, defendants have

1

similarly deprived his coworkers of minimum wages, overtime pay and spread-of-hours premiums.

3. Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated. These are violations of NYLL § 195(3).

4. In addition, defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

5. Plaintiff brings this action on behalf of himself and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

6. Plaintiff also brings this action on behalf of himself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to remedy violations of Article 6, §§190 *et seq.*, and Article 19 §§650 *et seq.* of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. §1331 since this case is brought under 29 U.S.C. §§201, *et seq.* of the FLSA. This Court has

supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8. Upon information and belief, El Rawsheh is an employer engaged in commerce as defined in the FLSA.

9. Upon information and belief, El Rawsheh is subject to personal jurisdiction in the State of New York since it is located in Queens County, State of New York.

10. Venue is proper in this District because El Rawsheh conducts business in this judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**Celestino Pacheco Lopez**

11. Celestino Pacheco Lopez ("Pacheco Lopez") is an adult individual who is a resident of Queens County, State of New York.

12. Pacheco Lopez was employed by defendants as a dishwasher and cleaner. He worked long hours, from 4pm to 4am, without breaks, and was frequently subjected to verbal abuse.

13. Pacheco Lopez is a covered employee within the meaning of the FLSA and NYLL.

14. At all times relevant, defendants failed to pay Pacheco Lopez in accordance with the minimum wage and overtime provisions of the FLSA and NYLL, and deprived Pacheco Lopez of the spread-of-hours premium required by the NYLL.

15. At all times relevant Pacheco Lopez worked without adequate meal breaks as required by the NYLL.

16. Upon information and belief, the same was the case for Pacheco Lopez's similarly situated co-workers.

3

**Defendants**

17. Mohammed Mohammed, Kirsten Goldberg, and El-Rawsheh Café & Restaurant Inc., El-Rawsheh Café Inc., El-Rawsheh Cuisine Inc., d/b/a El Rawsheh (hereinafter jointly referred to as "defendants" or "El Rawsheh"), jointly and severally employed plaintiff and similarly situated employees at all times relevant to this complaint. Defendants have had substantial control over plaintiff's and similarly situated coworkers' wages and working conditions.

18. Defendants are part of a single integrated enterprise that jointly employed plaintiff and similarly situated employees at all times relevant to this complaint.

19. Upon information and belief, defendant Mohammed Mohammed was the owner and manager of El Rawsheh at all times relevant to this complaint.

20. Upon information and belief, defendant Kirsten Goldberg was the manager of El Rawsheh at all times relevant to this complaint.

21. Upon information and belief, El Rawsheh has an annual gross volume of sales in excess of $500,000. Specifically, El Rawsheh is a thriving neighborhood restaurant with a staff of ten.

22. Defendants are covered employers within the meaning of the FLSA and NYLL.

23. Upon information and belief, defendants have had control over all employment practices at El Rawsheh, including wages, scheduling and the hiring and firing of employees.

## FACTUAL ALLEGATIONS

24. Pacheco Lopez was employed by defendants from on or about June 1st, 2013 until on or about June 21, 2014 as a dishwasher. Pacheco Lopez worked eighty-four (84) hours per week over seven (7) days and was paid a flat rate of $420 per week. Expressed as an hourly wage, Pacheco Lopez was paid $5.00 per hour. Defendants failed to pay Pacheco Lopez the

4

minimum wage in violation of the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

25. At no time during his employment with defendants was Pacheco Lopez provided with overtime as required by 29 U.S.C. §201 *et seq.*

26. At all times relevant Pacheco Lopez worked 12-hour shifts approximately seven days per week, and yet he was not paid the spread-of-hours premium required under N.Y. Comp. Code R. & Regs., Title 12, § 137-1.7.

27. At no time during his employment with defendants was Pacheco Lopez provided with wage statements or explanations of how his wages were calculated as required by NYLL § 195(3).

28. At no time during his employment with defendants was Pacheco Lopez provided with wage notices as required by NYLL § 195(1).

29. At all times relevant, defendants failed to provide Pacheco Lopez with adequate meal breaks in violation of NYLL §§162 *et seq.*

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings his first claim for relief as a collective action under Section 16(b), 29 U.S.C. §216(b) of the FLSA on behalf of all hourly workers employed by defendants El Rawsheh between on or about July 2011, and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

31. At all times relevant to this complaint and upon information and belief, plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, have had substantially similar compensation provisions, and have been subject to defendants' policies and practices

5

of willfully failing to pay them in accordance with minimum wage requirements; and willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek. Thus, the claims of plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

32. For notice and all other purposes related to claims brought under 29 U.S.C. §216(b) of the FLSA, the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

## RULE 23 CLASS ALLEGATIONS

33. Plaintiff brings his second claim for relief pursuant to Rule 23 of the Fed. R. Civ. P., on behalf of all hourly workers employed by defendants at El Rawsheh between the limitation period and the date of final judgment in this matter.

34. All such persons shall hereinafter be referred to as the "Class." The Class members are readily ascertainable since the identity, addresses, time records, work schedules, positions and rates of pay for each Class member are determinable from the defendants' records that were required to have been kept under FLSA and NYLL. Notice can be provided pursuant to Rule 23 of the Fed. R. Civ. P.

35. Joinder of all Class members is impracticable since, upon information and belief, there are more Class members. The exact number of Class members is presently unknown to plaintiff since all facts and records necessary for precise calculation are in the sole possession and control of the defendants. Because of the foregoing, it will benefit the parties to address their claims as a Class.

36. Upon information and belief, the plaintiff's claims are typical of those claims which could be alleged by any member of the Class. The relief sought by plaintiff is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same policies and practices alleged herein including defendants' failure to pay minimum wages, failure to pay overtime, and failure to pay spread-of-hours premiums. The aforesaid policies and practices of defendants similarly affect all Class members. Plaintiff and Class members have sustained similar injuries and damages as a result of defendants' unlawful acts and/or omissions.

37. Plaintiff is fit to fairly and competently represent and protect the interests of the Class. For the purposes of this action, plaintiff has no interests that conflict with those of the Class. Plaintiff's attorneys have considerable experience in the field of employment litigation as well as class action litigation.

38. Disposition of plaintiff's claims as a class action is superior to any other available means of adjudication for the foregoing reasons:

   - Class members are low-wage workers who individually lack the necessary resources to effectively litigate against a corporate defendant;
   - A class action is in the interests of judicial economy as individual litigation would result in the expenditure of considerable public resources;
   - Injuries suffered by each Class member individually are small in comparison to the cost of individual litigation, dissuading and precluding redress of their claims;
   - The claims shared by Class members involve important public policy interests that would otherwise go unaddressed due to aforesaid barriers to and limitations of individual litigation, and;

- A class action will provide anonymity for those Class members whose fear of retaliation would otherwise dissuade them from asserting their rights. Upon information and belief, some Class members are still employed by defendants;

39. Questions of law and fact are common to all Class members and predominate over those of any individual Class member, including:

- Whether plaintiff and Class members were paid minimum wages;
- Whether plaintiff and Class members were paid the required overtime rate of one and one half times their hourly rate for all hours worked in excess of (40) per workweek;
- Whether plaintiff and Class members were paid required spread-of-hours premiums;
- Whether defendants complied with the record-keeping requirements of NYLL;
- By what method, if any, defendants kept track of the hours plaintiff and Class members worked;
- Whether plaintiff was afforded the required break time required under NYLL.

## CLASSWIDE FACTUAL ALLEGATIONS

40. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

41. Defendants knew that the nonpayment of overtime would economically injure plaintiff and violate federal and New York State laws.

42. Plaintiff and Class members regularly worked in excess of forty (40) hours per workweek.

43. Defendants unlawfully failed to pay plaintiff in accordance with minimum wage requirements of federal and state law.

8

44. Defendants failed to provide plaintiff and Class members with a statement with each payment of wages as required by §195 *et seq*. of the N.Y. Lab. Law.

45. Defendants unlawfully failed to pay plaintiff and Class members at the overtime rate as provided by FLSA for all hours in excess of forty (40) in a workweek.

46. Defendants unlawfully failed to pay plaintiff and Class members the spread of hours premium for days in which they worked in excess of ten (10) hours as required under §137-1.7, Title 12 of the N.Y. Comp. Code R. & Regs.

47. Defendants committed the foregoing acts against the plaintiff, FLSA Collective Plaintiffs and members of the Class.

**FIRST CLAIM FOR RELIEF**

**(FLSA Minimum Wage Claim, 29 U.S.C. §§201 *et seq.*, Brought by Plaintiff on Behalf of Himself and FLSA Collective Plaintiffs)**

48. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

49. At all times relevant, each defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of 29 U.S.C. §203 of the FLSA.

50. At all times relevant, each defendant has employed plaintiff and Collective Plaintiffs as "employees" within the meaning of 29 U.S.C. §203 of the FLSA.

51. Defendants were required to pay plaintiff and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

52. Throughout the period covered by the applicable statute of limitations, upon information and belief, defendants knowingly failed to pay plaintiff and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

9

53. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages for his unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (FLSA Overtime Claim, 29 U.S.C. §201 *et seq.*, Brought by Plaintiff on Behalf of Himself and FLSA Collective Plaintiffs)

54. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

55. Throughout the period covered by the applicable statute of limitations and upon information and belief, plaintiff and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

56. At all times relevant and upon information and belief, defendants have repeatedly and willfully failed to pay plaintiff and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

57. Upon information and belief, defendants have failed to keep employment records for plaintiff and the FLSA Collective Plaintiffs in accordance with the requirements of the FLSA.

58. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for his unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### (New York State Minimum Wage Act Claim, New York Labor Law Article 19 §§650 *et seq.*, Brought by Plaintiff on Behalf of Himself and the Class)

59. Plaintiff, on behalf of himself and members of the Class, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

60. Throughout the period covered by the applicable statute of limitations, defendants knowingly paid the plaintiff and members of the Class less than the minimum wage as required by New York Labor Law and the supporting regulations of the New York State Department of Labor.

61. Defendants did not pay the minimum wage for all hours worked by plaintiff and Class members.

62. Upon information and belief, Defendants' failure to pay plaintiff and Class members the minimum wage was willful within the meaning of the New York Labor Law.

63. Plaintiff and Class members seek to recover their unpaid compensation, liquidated damages pursuant to §198, Article 6 of the NYLL, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

### (New York State Minimum Wage Act - Overtime Claim, N.Y. Lab. Law. §650 *et seq.*, Brought by Plaintiff on Behalf of Himself and the Class)

64. Plaintiff, on behalf of himself and members of the Class, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

65. Throughout the period covered by the applicable statute of limitations, and upon information and belief, defendants willfully and repeatedly failed to pay plaintiff and Class members at

the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

66. Plaintiff and members of the Class seek and are entitled to recover their respective unpaid compensation, damages pursuant to §198, Article 6 of the NYLL, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

### (Spread of Hours Premium Claim, N.Y. Lab. Law. §650 *et seq.*, and N.Y. Comp. Code R. & Regs. Title 12, §137-1.7, Brought by Plaintiff on Behalf of Himself and the Class)

67. Plaintiff, on behalf of himself and members of the Class, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

68. Throughout the period covered by the applicable statute of limitations, plaintiff and Class members regularly worked in excess of ten (10) hours in a workday.

69. Upon information and belief, defendants willfully and intentionally failed to pay plaintiff and Class members one hour's pay at the New York minimum wage rate for each day worked in excess of ten (10) hours as required under §137-1.7, Title 12 of the N.Y. Comp. Code R. & Regs.

70. Plaintiff and Class members seek and are entitled to recover their respective unpaid compensation, damages pursuant to §198, Article 6 of the NYLL, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## RELIEF SOUGHT

**WHEREFORE**, plaintiff on behalf of himself, the FLSA Collective Plaintiffs and members of the Class, request relief as follows:

12

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the opt-in class;

B. Designation of plaintiff as representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to Rule 23 of the Fed. R. Civ. P. for the purposes of the claims brought on behalf of Class members;

D. An order declaring that defendants violated the FLSA in the manners stated in this complaint;

E. An order declaring that defendants' violations of the FLSA were willful;

F. An order declaring that defendants violated the NYLL in the manners stated in this complaint;

G. An order declaring that defendants' violations of the NYLL were willful;

H. An award of overtime compensation under the FLSA and NYLL;

I. An award of minimum wage compensation under the FLSA and NYLL;

J. An award of liquidated damages pursuant to the FLSA;

K. An award of damages under the New York Labor Law;

L. All penalties available under the applicable laws;

M. Attorneys' fees pursuant to 29 U.S.C. §216; §663 of the NYLL; and all other applicable statutes;

N. Interest as provided by law; and

O. Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a jury trial for all causes of action and claims for which he has a right to a jury trial.

Dated: New York, New York
July 23, 2014

Respectfully submitted,

LAW OFFICES OF JEANNE E. MIRER, P.L.L.C.

By: Jeanne E. Mirer
Attorney for Plaintiff
1700 Broadway, 21st floor
New York, NY 10019
(212) 231-2235
Jeanne@jmirerlaw.com