FILED
IN CLERK'S OFFICE
US DISTRICT COURT E
★ NOV 26 2014
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CELESTINO PACHECO LOPEZ,

                    Plaintiff,

    -against-

MOHAMMED MOHAMMED, KIRSTEN
GOLDBERG, EL-RAWSHEH CAFÉ &
RESTAURANT INC., EL-RAWSHEH CAFÉ
INC., EL-RAWHSEH CUISINE INC., d/b/a
EL-RAWSHEH,

                    Defendants.
------------------------------------------------------------X

JUDGMENT
14-CV- 4443 (PKC)

        An Order of Honorable Pamela K. Chen, United States District Judge, having been filed on November 24, 2014, granting Plaintiff's motion for a default judgment; awarding Plaintiff a total judgment of $59,440.43; and ordering that damages are awarded, jointly and severally from Defendants as follows:

1. $11,893.00 in unpaid minimum wage compensation,

2. $8,706.50 in unpaid overtime compensation,

3. $2,770.25 in unpaid "spread of hours" premiums,

4. $23,369.75 in liquidated damages,

5. $1,996.93 in prejudgment interest,

6. $5,000 in statutory penalties,

7. $5,130 in attorneys' fees, and

8. $574 in costs; it is

**JUDGMENT** 14-CV-4443 (PKC)

further, ordering that the Clerk of Court's judgment should provide that pursuant to New York Labor Law Section 198(4), any unpaid amount of Plaintiff's award set forth above that " remains unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal and no appeal ins then pending, whichever is later," shall increase by 15%; it is

ORDERED and ADJUDGED that Plaintiff's motion for a default judgment is granted; and that judgment is hereby entered in favor of Plaintiff Celestino Pacheco Lopez and against Defendants Mohammed Mohammed, Kirsten Goldberg, El-Rawsheh Café & Restaurant Inc., El-Rawsheh Café Inc., El-Rawsheh Cuisine Inc., d/b/a El-Rawsheh, jointly and severally, in the total amount of $59,440.43; and that it is further,

ORDERED and ADJUDGED that pursuant to New York Labor Law Section 198(4), any unpaid amount of Plaintiff's award set forth above that "remains unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal and no appeal is then pending, whichever is later," shall increase by 15%.

Dated: Brooklyn, New York  
November 26, 2014

Douglas C. Palmer  
Clerk of Court

by:  */s/ Janet Hamilton*  
Deputy Clerk

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Celestino Pacheco Lopez,

              Plaintiff,

      v.

Mohammed Mohammed, Kirsten Goldberg, El-Rawsheh Café & Restaurant Inc., El-Rawsheh Café Inc., El-Rawhseh Cuisine Inc., d/b/a El-Rawsheh,

              Defendants.

NOT FOR PUBLICATION

**SUMMARY ORDER**
14-cv-4443 (PKC)

---

PAMELA K. CHEN, United States District Judge:

Plaintiff Celestino Pacheco Lopez commenced this action on July 23, 2014 against his former employer and managers to recover unpaid minimum wages, overtime wages, spread-of-hours premiums and statutory penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.* Plaintiff now moves for a default judgment against all Defendants. (Dkt. 15.) Because Defendants have failed to answer Plaintiff's complaint, enter an appearance in this proceeding, or contest Plaintiff's Motion for Default Judgment, this Court orders a default judgment against Defendants in the amount of $59,440.43.

**I.   BACKGROUND**

    **A.   Procedural History**

Plaintiff brought suit against his former employer, Defendants El-Rawsheh Café & Restaurant Inc., El-Rawsheh Café Inc., El-Rawsheh Cuisine Inc., d/b/a El-Rawsheh (collectively, "El-Rawsheh" or "the El-Rawsheh Defendants"). Plaintiff also named the owner and manager of

1

El-Rawsheh, Mohammed Mohammed, and another manager of El-Rawsheh, Kirsten Goldberg, as defendants in the suit. Plaintiff duly served all Defendants with the Complaint and Summons. (Dkt. 5-9.) Defendants did not answer or otherwise move with respect to Plaintiff's Complaint. On September 10, 2014 and October 7, 2014, the Clerk of the Court certified Defendants' default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 13, 14.)

Plaintiff moved for a default judgment on October 20, 2014. (Dkt. 15.) Defendants did not oppose the motion. On October 30, 2014, this Court held a hearing on Plaintiff's motion for default judgment. Defendants did not appear. After hearing testimony from Plaintiff regarding his work hours and pay, the Court found Plaintiff's testimony credible. It therefore granted Plaintiff's motion for default judgment, with a written order to follow regarding damages and attorneys' fees. (Minute Entry 10/30/14.)

### B. Factual History

In light of Defendants' default, the Court accepts the following facts from Plaintiff's submissions and testimony as true. *See Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011) (taking plaintiff's fact submissions as true in default judgment action) (*citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1996)).

El-Rawsheh is a restaurant and hookah bar located in Queens, New York. (Compl. ¶¶ 1, 9; 10/30/14 Hr'g.) Defendant Mohammed Mohammed owns the restaurant and manages it with Defendant Kirsten Goldberg. (Compl. ¶¶ 19-20.) Defendants employed Plaintiff from approximately mid-June 2013 through June 21, 2014 as a dishwasher and cleaner. (Compl. ¶ 24; 10/30/14 Hr'g.[1]) Plaintiff was responsible for washing the dishes, meeting deliveries of bulk

---

[1] Plaintiff's Complaint states June 1, 2013 as his starting date, but Plaintiff's subsequent submissions to the Court indicate that he began working the last two weeks of June 2013. (*See* Court Ex. 2.)

2

merchandise, and cleaning the facility throughout his shift and before closing. (10/30/14 Hr'g.) He worked every day from 4 pm until 4 am, without breaks, for seven days a week. (Compl. ¶¶ 12, 24.) He worked every week from the start of his employment until his last day. (10/30/14 Hr'g.)

During his first week of work, El-Rawsheh paid Plaintiff $350. (10/30/14 Hr'g.) El-Rawsheh subsequently paid Plaintiff a flat rate of $420 a week for 84 hours of work, resulting in an effective rate of $5.00 per hour. (Compl. ¶ 24.) Plaintiff was paid in cash on a weekly basis and did not receive any wage statements during his employment. (*Id.* at ¶ 27; 10/30/14 Hr'g.) After working at El-Rawsheh for approximately one year, Plaintiff quit on June 21, 2014. (10/30/14 Hr'g.) He did not receive payment for his last week of work. (*Id.*)

## II. DISCUSSION

### A. Defendants' Liability For Violations Of The FLSA And NYLL

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for entry of a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may enter a default judgment on a plaintiff's motion. Fed. R. Civ. P. 55(b)(2).

In a default judgment action where defendants have not disputed plaintiff's claims, the well-pleaded allegations of the complaint are deemed admitted to establish defendants' liability. *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 120 (E.D.N.Y. 2011) (citations omitted). To determine whether the default judgment should issue, the Court examines whether

3

"the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls–Royce PLC*, 688 F. Supp. 2d at 153 (citation omitted).

### 1. FLSA Liability

Plaintiff brings two claims under the FLSA, alleging that the Defendants failed to pay him the prevailing minimum wage and overtime wages during his employment. (Compl. ¶¶ 48-58.) Employers subject to the FLSA must compensate their employees at the prevailing minimum wage for all hours worked. 29 U.S.C. §§ 206(a). Employees who work more than 40 hours in a single work week are also entitled to an overtime wage of not less than one and one-half times the regulate rate for the excess hours. 29 U.S.C. §§ 206(a), 207(a).

To qualify as an employer subject to Sections 206 and 207 of the FLSA, a defendant's employees must be "employed in an enterprise engaged in commerce . . . ." 29 U.S.C. §§ 206(a), 207(a). A defendant qualifies as an enterprise if it, *inter alia*, "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and [its] annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Individual defendants may also be subject to FLSA liability if they exercise "operational control" over the plaintiff-employee. *Garcia v. Badyna*, No. 13-cv-4021, 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014) (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)).

4

Here, Plaintiff has adequately alleged that he was an employee of Defendants, that he handled goods moved in or produced for commerce,[2] and that the El-Rawsheh Defendants are an enterprise subject to the FLSA. (Compl. ¶¶ 8, 17-22.) Plaintiff has also alleged and testified to control by Defendants Mohammed and Goldberg over "all employment practices" (Compl. ¶¶ 22-23), thereby establishing operational control over Plaintiff's employment. Finally, Plaintiff has adequately alleged and testified to the fact that he was compensated $420 a week for 84 hours of work, for an effective rate of $5.00 per hour. (Compl. ¶ 24; 10/30/14 Hr'g.) The FLSA requires a minimum wage of $7.25 an hour. 29 U.S.C. § 206(a). Accordingly, the Court finds Defendants liable for failing to pay Plaintiff the prevailing minimum wage and overtime wages to which he was entitled under the FLSA.

2. New York Labor Law Liability

Plaintiff also seeks relief under the NYLL, alleging that Defendants failed to pay him the prevailing minimum wage, overtime wages, and the spread-of-hours premium for hours worked in excess of 10 hours per day. (Compl. ¶¶ 59-70.) In addition, Plaintiff seeks to recover for Defendants' failure to provide wage statements and wage notices as required by NYLL §§ 195(1), 195(3). (Compl. ¶¶ 27-28.)

Like the FLSA, the NYLL sets forth minimum wage and overtime wages for covered employees. NYLL § 652; N.Y. Comp. Codes R. & Regs. tit. 12 §§ 142-2.2. It also requires

---

[2] Because Plaintiff's duties included cleaning the restaurant and meeting deliveries of bulk merchandise, Plaintiff has adequately alleged that El-Rawsheh was engaged in interstate commerce. *See Rocha v. Bakhter Afghan Halal Kababs, Inc.*, --- F. Supp. 3d ---, 2014 WL 4536268, at *6 (E.D.N.Y. Sept. 15, 2014) ("An employee's handling of cleaning and janitorial supplies and food products is sufficient to establish the first prong of enterprise coverage" under the FLSA); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (finding it "logical to infer" that the cleaning supplies used by plaintiffs originated outside New York).

5

employers to furnish a wage notice upon hiring with the rate of pay, regular pay day, the name of the employer and its contact information, as well as a regular wage statement with each payment of wages. NYLL §§ 195(1), 195(3). But while the NYLL is a state analog to the federal FLSA, it "does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Garcia*, 2014 WL 4728287 at *6. Its definition of an employer is somewhat broader than the FLSA, reaching "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer." N.Y. Lab. Law § 651(6). An employee under the NYLL is "any individual employed or permitted to work by an employer in any occupation . . . ." *Id.* at § 651(5).

The NYLL also differs from the FLSA in the minimum wage required for employment on or after January 1, 2007. Employers subject to the NYLL must pay employees a minimum wage of $7.15 for employment between January 1, 2007 and December 30, 2013 and $8.00 for employment between December 31, 2013 and December 30, 2014. *Id.* at § 652. New York law also provides for a "spread of hours" premium which allows an employee to recover an extra hour's worth of pay at the minimum wage for each day that an employee works in excess of 10 hours. N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.4.

Here, Plaintiff has adequately alleged that he is a covered employee under the NYLL. Plaintiff's effective wage of $5.00 per hour shows that he was not compensated according to the NYLL's minimum wage and overtime provisions (Compl. ¶ 24), and that he did not receive the "spread of hours" premium despite working a 12-hour shift each day (Compl. ¶ 12). Plaintiff has also adequately alleged that he was not provided with wage statements or wage notices as required by Section 195 of the NYLL. (Compl. ¶¶ 27-28.) Accordingly, the Court finds

6

Defendants liable for violating the NYLL's provisions on minimum wage, overtime, spread of hours, wage statements and wage notices.

### B. Damages and Attorneys' Fees Due to Plaintiff

Plaintiff requests a default judgment in the amount of $59,153.25, comprised of unpaid wages, unpaid overtime, liquidated damages, statutory fines, attorneys' fees, and prejudgment interest. (Dkt. 15-1.) Because Defendants did not provide Plaintiff with wage statements or wage notices, the Court required the Plaintiff to testify, under oath, in court regarding his work hours and pay. (10/30/14 Hr'g.) The Court finds that Plaintiff's testimony establishes his damages for Defendants' violations of the FLSA and NYLL. *See Santillan*, 822 F. Supp. 2d at 294 ("In absence of opposition by defendants or where the employer has defaulted, employee's recollection and estimates of hours worked are presumed to be correct."); *Doo Nam Yang v. ABCL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) ("It is possible for plaintiff to meet this burden by relying on his recollection alone."). For the reasons set forth below, the Court orders a default judgment against Defendants in the amount of $59,440.43.

#### 1. Minimum Wage

Plaintiff seeks to recover a total of $11,893.00 in compensation for Defendants' failure to pay him the minimum wage. (Dkt. 15-1, ¶ 14.) Because New York implemented an $8.00 minimum wage starting December 31, 2013, Plaintiff seeks to recover unpaid minimum wage at the federal rate of $7.25/hour for his employment from mid-June 2013 through December 30, 2013, and at the New York rate of $8.00/hour thereafter, *i.e.*, from December 31, 2013 to June 21, 2014. (Court Ex. 2.) The Court finds that this is appropriate. *See Galeana v. Lemongrass on Broadway Corp.*, No. 10-cv-7270, 2014 WL 1364493, at *7 (S.D.N.Y. Apr. 4, 2014) ("Under 29 U.S.C. § 218(a), plaintiffs may recover the minimum wage at the rate set by state or federal law,

7

whichever is greater."); *Sanchez v. Viva Nail N.Y. Inc.*, No. 12-cv-6322, 2014 WL 869914, at *3 (E.D.N.Y. Mar. 4, 2014) (calculating employee's wages due for 2009 first at the New York rate and then at the federal rate based on the higher statutory rate). Accordingly, Plaintiff is entitled to $11,893.00 in unpaid minimum wage compensation based on Defendants' violations of both the FLSA and NYLL.[3]

### 2. Overtime Wages

Plaintiff seeks to recover a total of $8,706.50 in unpaid overtime compensation because he worked 84 hours a week and was not paid overtime for the additional 44 hours he worked each week. (Dkt. 15-1, ¶ 14.) Plaintiff seeks to recover overtime at the federal rate for employment from mid-June 2013 through December 30, 2013 and overtime at the New York rate thereafter. The Court again finds that this is appropriate, *see Galeana*, 2014 WL 1364493, at *7, and awards Plaintiff $8,706.50 in additional unpaid overtime compensation.[4]

### 3. Spread of Hours Pay

---

[3] Plaintiff worked 84 hours a week, and seeks compensation at the federal rate ($7.25) for 27 weeks and at the New York rate ($8.00) for 25 weeks. He should have been paid a total of $33,243 in minimum wage, but only received $21,350 over the course of his employment. (Court Ex. 2.) Therefore he is due $11,893.00. Though alleging violations of both federal and State law, Plaintiff is only entitled to recover once for his unpaid minimum wages. *See Cao v. Wu Liang Ye Lexington Rest. Inc.*, No. 08-cv-3725, 2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010) ("[P]laintiffs are not entitled to recover twice for the same injury; they will, however, be able to take advantage of the higher measure of damages.").

[4] Under both the FLSA and the NYLL, Plaintiff is entitled to a total overtime rate of one and one-half times the minimum wage for the additional 44 hours he worked each week. Because Plaintiff's minimum wage damages already account for a portion of the total overtime compensation due, Plaintiff is entitled to an additional overtime premium of half-pay for the extra 44 hours. *See Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 90 (E.D.N.Y. 2012). Plaintiff's additional overtime income due is calculated at half the federal minimum wage rate for 27 weeks and half the New York minimum wage rate for 25 weeks. (Court Ex. 2.) He is therefore due $8,706.50.

8

Because he worked 12-hour shifts each day, Plaintiff seeks to recover a total of $2,770.25 in unpaid "spread of hours" premiums under the NYLL. (Dkt. 15-1, ¶ 14.) Plaintiff seeks to recover an additional hour at the federal minimum wage rate for employment from mid-June 2013 through December 30, 2013 and at the New York rate thereafter. The Court will allow him to do so. *See Galeana*, 2014 WL 1364493, at *7. Accordingly, Plaintiff is due $2,770.25 in unpaid "spread of hours" premiums under the NYLL.[5]

### 4. Liquidated Damages

Plaintiff seeks to recover liquidated damages under Section 663 of the New York Labor Law. (Dkt. 15-1, ¶ 13.) New York Labor Law authorizes liquidated damages in an amount "equal to one hundred percent of the total of such underpayments found to be due." NYLL § 663(1). The Court finds that Plaintiff is due $23,369.75 in liquidated damages.[6]

### 5. Prejudgment Interest

Plaintiff seeks to recover prejudgment interest on the unpaid wages owed to him under the New York Labor Law. As Plaintiff has not elected to receive liquidated damages under the FLSA, but only under the NYLL, this Court's award of liquidated damages is not a bar to his recovery of prejudgment interest. *See Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 92-93 (E.D.N.Y. 2012) (noting plaintiff was only entitled to prejudgment interest "only as to her claims for which no FLSA liquidated damages were awarded"). New York's statutory annual interest rate is 9%. NYCPLR § 5004. Plaintiff proposes to calculate such interest from the midpoint of

---

[5] Plaintiff worked 12-hour shifts seven days a week, and therefore is eligible for seven "spread of hours" premiums for each week worked. He is due seven premiums for 27 weeks at the federal minimum wage rate ($7.25) and seven one-hour premiums for 25 weeks at the New York minimum wage rate ($8.00). Court Ex 1. Therefore he is due $2,770.25.

[6] Plaintiff is due liquidated damages for unpaid minimum wage ($11,893.00), unpaid overtime ($8,706.50), and unpaid "spread of hours" premiums ($2,770.25).

his employment at the Restaurant, December 21, 2013. (Dkt. 15-1, ¶ 14.) Using its discretion to choose a reasonable accrual date, the Court finds this date appropriate. *Gunawan*, 897 F. Supp. 2d at 93. Interest is calculated on a principal amount of $23,369.75, comprised of the unpaid minimum wages, overtime, and spread of hours premium due beginning December 21, 2013 through the date of judgment. Accordingly, the Court awards Plaintiff $1,996.93 in prejudgment interest.[7]

### 6. Wage Notice and Wage Statement Violations

Plaintiff seeks damages due to Defendants' failure to provide a written notice of his pay when he was hired and wage statements for each pay period under Section 195 of the NYLL. NYLL §§ 195(1), 195(3). For Defendant's initial failure to provide a written wage notice upon hiring Plaintiff, Plaintiff is entitled to recover $50 for each week they failed to correct their error, up to a statutory maximum of $2,500. NYLL § 198(1-b). Plaintiff is also entitled to recover $50 for each week he did not receive a wage statement for each pay period, up to a statutory maximum of $2,500. NYLL § 198(1-d). The Court finds Plaintiff eligible to recover the maximum statutory penalties for violations of Section 195(1) and 195(3) of the NYLL, and therefore awards $5,000 in statutory penalties.

### 7. Attorneys' Fees and Costs

Plaintiff seeks an award of $5,130 in attorneys' fees. Both the FLSA and NYLL allow for an award of reasonable attorneys' fees. 29 U.S.C. § 216(b); NYLL § 663(1). The movant bears the burden of establishing that the fees sought are reasonable. *Savoie v. Merchants Bank*,

---

[7] The following calculation was used for prejudgment interest: $23,369.75 (unpaid compensation) x .09 (NY statutory interest rate) x 338/356 (portion of the year from December 21, 2013 through date of judgment).

10

166 F.3d 456, 463 (2d Cir. 1999). Plaintiff's counsel has submitted adequate documentation demonstrating that the attorneys' fees sought are reasonable. (*See* Court Ex. 2.)

Plaintiff also seeks to recover costs for the filing fee and service of the Complaint on Defendants. A prevailing plaintiff in an action under the FLSA or NYLL is entitled to recover costs from the defendant. 29 U.S.C. § 216(b); NYLL § 663(1). Plaintiff has submitted adequate evidence supporting his request for an award of costs totaling $574. (*See* Court Ex. 2.)

The Court therefore awards Plaintiff $5,130 in attorneys' fees and $574 in costs.

## CONCLUSION

The Court hereby GRANTS Plaintiff's Motion for Default Judgment, and awards Plaintiff a total judgment of $59,440.43. Damages are awarded, jointly and severally from Defendants, as follows:

1. $11,893.00 in unpaid minimum wage compensation,
2. $8,706.50 in unpaid overtime compensation,
3. $2,770.25 in unpaid "spread of hours" premiums,
4. $23,369.75 in liquidated damages,
5. $1,996.93 in prejudgment interest,
6. $5,000 in statutory penalties,
7. $5,130 in attorneys' fees, and
8. $574 in costs.

The Clerk of the Court's judgment shall provide that pursuant to NYLL Section 198(4), any unpaid amount of Plaintiff's award set forth above that "remains unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the

11

time to appeal and no appeal is then pending, whichever is later," shall increase by 15%. *See* NYLL § 198(4).

SO ORDERED:

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: November 24, 2014
      Brooklyn, New York