UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

CELESTINO PACHECO LOPEZ,

        Plaintiff,                        Case No. 14-CV-4443 (PKC)

MOHAMMED MOHAMMED, KIRSTEN
GOLDBERG, EL-RAWSHEH CAFÉ &
RESTAURANT, INC., EL-RAWSHEH
CAFÉ, INC., EL RAWSHEH CUISINE, INC., d/b/a
EL-RAWSHEH,

        Defendants

_____

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE DEFAULT JUDGMENT

ROBERT FOX, ESQ.
Attorney for Defendants Mohammed Mohammed,
El-Rawsheh Café & Restaurant, Inc., El-Rawsheh Café, Inc.,
El Rawsheh Cuisine, Inc. d/b/a El-Rawsheh
630 Third Avenue
New York, New York 10017
(212) 867-9595

1

PRELIMINARY STATEMENT

Defendants Mohammed Mohammed, El-Rawsheh Café & Restaurant, Inc., El-Rawsheh Café, Inc., El Rawsheh Cuisine, Inc. d/b/a El-Rawsheh herein make this Affirmation in support of the motion to vacate the default judgment granted in favor of the Plaintiff Celestino Pacheco Lopez pursuant to Federal Rule of Civil procedure 60(b) against these defendants which was entered on November 24. 2014.

STATEMENT OF FACTS

Mr. Mohammed Mohammed, one of the Defendants herein, is the vice-president of the Defendant El-Rawsheh, Cuisine. Inc. ("El Rawsheh") He and the president George Fanous manage the defendant restaurant Defendant El Rawsheh Cuisine, Inc., d/b/a El Rawsheh (See Mohammed and Fanous Affidavits).

Plaintiff has named "Kirsten Goldberg" as a defendant in this action, alleging that she is a manager of El-Rawsheh. These Defendants are unaware of any such individual (Fanous Affidavit and Mohammed Affidavits)

On or about June 15, 2014, the plaintiff Celestino Lopez ("Lopez") was hired as a dishwasher. He worked for approximately two weeks until about June 29, 2014. He worked for twenty hours per week at a salary of $20 per hour. (Fanous Affidavit).

On or about June 29, 2014, Mr. Lopez terminated his employment, stating that there were too many dishes to wash and this made him nervous (Fanous Affidavit). Upon his departure, he was paid in full (Fanous Affidavit).

On or about July 23, 2014, Plaintiff filed a Complaint against the Defendants (Exhibit A). As Defendants did not answer the Complaint, Plaintiff filed a motion for a default judgment. On October 30, 2014, this Court granted the default judgment and took testimony from the plaintiff on that date. The Order granting default judgment in the amount of $59,440.43 was entered November 24, 2014. Judgment was entered on November 26, 2014 (Exhibit D). Defendants move to vacate this default judgment.

POINT I

THE DEFAULT JUDGMENT SHOULD BE VACATED PURSUANT TO F.R.C.P 60(b)(1), (3), (4) and (6).

The default judgment herein should be vacated pursuant to Federal Rules of Procedure 60(b)(1), (3),(4), and (6). F.R.C.P. provides that:

> **"(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

3

**(c) Timing and Effect of the Motion.**
**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The judgment in this case was entered on November 24, 2014. Thus, this motion is timely.

A. This Judgment Should be Vacated Pursuant to F.R.C.P. 60(b)(1).

Defendants move to vacate the default judgment pursuant to F.R.C.P. 60(b)(1) on the grounds that any default was inadvertent. As established by the Affidavit of Ihab Ilbana, the Defendants were not served with the Summons and Complaint in this action (in fact, no process server left papers at the premises) and thus, this Court never obtained jurisdiction over the Defendants. Likewise, the Affidavit of George Fanous states that the Defendants were not served with the summons and complaint. Moreover, even if the Court were to determine that Plaintiff's were served with the Summons and Complaint, it is clear that any default would have been inadvertent and due to excusable neglect. There is no evidence which would establish "willful default."

B. This Judgment Should be Vacated Pursuant to F.R.C.P. 60(b)(3).

Federal Rule of Civil Procedure 60(b)(3) provides that a judgment may be vacated on the grounds of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"

This judgment should also be vacated because of multiple misrepresentations by the opposing party. The Plaintiff's complaint is replete with false statements. He claims to have

4

worked for the Defendants for a period of one year, rather than one week. He has grossly misstated his hours of work as well as the pay he received (See Fanous Affidavit). He claims to have worked 84 hours a week, which is not even consistent with the hours of operation of the restaurant. In reality, he worked 20 hours per week for two weeks. (Fanous Affidavit) Moreover, he has named "Kirsten Goldberg" as a Defendant and there is no such individual managing the restaurant and the other Defendants are not even aware of his or her existence. (Fanous and Mohammed Affidavits)

C. This Judgment Should be Vacated Pursuant to F.R.C.P. 60(b)(4).

Federal Rule of Civil Procedure 60(b)(4) provides that a judgment may be vacated where which judgment is void. As set forth in the Affidavits of Ihab Ilbana and George Fanous, the Defendants were never served with this Complaint and the Court never obtained jurisdiction. Thus, the judgment is void and should be vacated.

D. This Judgment Should be Vacated Pursuant to F.R.C.P. 60(b)(6).

This judgment should also be vacated pursuant to F.R.C.P. 60(b)(6), which provides that a judgment may be vacated for any other reason which justifies relief. Denial of the motion to vacate this fairly recent default judgment would allow a large judgment to be executed against the defendants without any determination on the merits.

POINT II

MOTIONS TO VACATE DEFAULT JUDGMENTS ARE TO BE GRANTED LIBERALLY AND ALL DOUBTS RESOLVED IN FAVOR OF THE MOVING PARTY

It is well-settled that in ruling on a motion to vacate a default judgment, "all doubts must be resolved in favor of the party seeking relief from the judgment, in order to ensure that to the extent possible, disputes are resolved on their parties. New York v. Green, 420 F.2d 99, 104 (2d Cir. 2005), Thus, in Robinson v. Sanctuary Music, 383 Fed.Appx. 54, 58 (2d Circ. 2010), the New York Court of Appeals, held that the District Court abused its discretion in denying the defendant's motion to vacate a default judgment. Moreover, a "[d]default judgment is an extreme sanction that is disfavored in the Second Circuit." Global Gold Mining v. Ayvazian, 983 F.Supp. 378, 383 (S.D.N.Y. 2013). Thus, motions to vacate default judgments are to be granted liberally. Id. at 385.

In Global Gold Mining v. Ayvazian, 983 F.Supp. 378 (S.D.N.Y. 2013), the Southern District granted a motion to grant a default judgment.  Here, the Court explained that:

> "The Second Circuit has established a three-factor tests that guides district courts discretion in deciding motions to vacate default judgments outside the context of Rule 60(b)(4), Courts are to consider (1) there the default was willful; (2) whether setting aside the default judgment would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.' Peterson v. Syracuse Police Dept., 467 Fed.Appx. 31, 33 (2d Cir. 2012)." 983 F.Supp.2d at 387.

Courts have vacated default judgments even when such defaults were willful. The Second Circuit has 'interpreted 'willfulness' in the context of a default, to refer to conduct that is…egregious and was not satisfactory explained'  and not 'merely negligent or careless.' S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Global Gold, 983 F.Supp.2d at 387.

6

As set forth in the Affidavits of Ihab Ilbana, Mohammed Mohammed, and George Fanous, any default by the Defendants was not willful. The Defendants were not served with the summons and complaint. Setting aside the default judgment in this case, which was only entered on November 14, 2014 would not prejudice the plaintiff. Rather, the inability of the defendants to defend this action would result in severe prejudice to them. As set forth in the Fanous Affidavit, the moving party has presented a meritorious defense, in that the Plaintiff did not even work the dates claimed in the Complaint and was paid significantly more per hour (and worked fewer hours) than claimed in the complaint.

The Defendants have clearly met the standard to vacate the default judgment entered in this case. The judgment should be vacated and the case allowed to proceed on its merits, as favored in the Second Circuit.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court vacate the default judgment entered in this case and grant such other and further relief as it may deem appropriate.

Dated: February 17, 2015
New York, New York

s/ Robert Fox
_____
ROBERT FOX