UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

CELESTINO PACHECO LOPEZ,

                    Plaintiff,

                                              REPORT AND
     - against -                              RECOMMENDATION

MOHAMMED MOHAMMED, EL-RAWSHEH CAFE &          14-CV-4443 (PKC)(MDG)
RESTAURANT INC., EL-RAWSHEH CAFE INC.,
EL-RAWSHEH CUISINE INC, KIRSTEN
GOLDBERG,

                    Defendants.

- - - - - - - - - - - - - - - - - - -X

     Plaintiff Celestino Pacheco Lopez brings this action against

his former employers, defendants Mohammed Mohammed,[1] El-Rawsheh

Cafe & Restaurant Inc., El-Rawsheh Cafe Inc., and El-Rawsheh

Cuisine Inc., and Kristen Goldberg for violations of the Fair

Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New

York Labor Law ("NYLL") §§ 650 et seq.  After defendants failed to

answer or otherwise respond to plaintiff's complaint, the

Honorable Pamela K. Chen granted the plaintiff's motion for

default judgment against defendants and the Clerk of the Court

entered judgment on November 26, 2014.  See DE 18, 19.

_____

   [1] After a traverse hearing on September 19, 2016, defendant
Mohamed Mohamed, named Mohammed Mohammed in the complaint,
submitted an affidavit under the name Mohamed Mohamed stating that
his name had previously been incorrectly spelled.  DE 34-1 at 2.
Hereafter, this Court will refer to this defendant as Mohamed
Mohamed in this report and recommendation.  However, this Court
notes that he testified at the traverse hearing that his name is
spelled "M-O-H-A-M-A-D."  Transcript of hearing on 9/14/2016
("Tr."), DE 36 at p. 32.  He also submitted two sworn affidavits
under the name "Mohammed Mohammed."  See DE 22-3, 28.

Defendants Mohamed Mohamed and the three corporate defendants, El-Rawsheh Cafe & Restaurant Inc., El-Rawsheh Cafe Inc., and El-Rawsheh Cuisine Inc., (collectively, the "defendants")[2] now move to vacate the default judgment claiming that they were never served and never received notice of this action.  Judge Chen referred defendants' motion to vacate to me for report and recommendation. For the following reasons, I respectfully recommend that the motion be denied.

<u>PROCEDURAL HISTORY</u>

Plaintiff commenced this action on July 29, 2014 alleging that defendants violated the FLSA and NYLL by failing to pay proper wages when he worked for defendants at a restaurant called El-Rawsheh located at 25-48 Steinway Street in Astoria, Queens from June 1, 2013 through June 21, 2014.  <u>See</u> DE 1 at ¶ 1, 19-20.  On August 22, 2014, plaintiff filed returns of service on the defendants.  DE 5, 6, 7, 8, 9.  In her affidavit with respect to service on the two individual defendants, Mohamed Mohamed and Kirsten Goldberg, Rose Regina Lawrence stated that she left a complaint and summons with Ihab Ilbana, a person of suitable age and discretion, who worked at defendants place of business.  <u>See</u> DE 5, 6.  Plaintiff later filed an amended returns of service in which Ms. Lawrence added the statement that "[b]oth Mohammed Mohammed and

_____

[2] Although Kristen Goldberg is named as a defendant in this action and the Court granted default against her, she has never appeared in this action and does not join in the present motion to vacate. For the purposes of this order "defendants" shall refer to all defendants except Ms. Goldberg.

Kristen Goldberg are involved in the day to day operations of El-
Rawsheh, and therefore are not presently in the military service of
the United States." DE 12.  The Clerk of the Court entered default
against the corporate defendants on September 10, 2014 (DE 13) and
against the two individual defendants on October 7, 2014.  DE 14.

Plaintiff filed a motion for default judgment on October 20,
2014 and mailed copies of the motion to all of the defendants. See
DE 15-5.  By electronic order filed on October 23, 2014, Honorable
Pamela K. Chen scheduled a hearing on the motion for October 30,
2014.  Although defendants did not appear, Judge Chen proceeded
with the hearing and heard testimony.  See minute entry filed
10/30/2014.  In her Summary Order filed on November 24, 2014, Judge
Chen noted that she found the testimony of the plaintiff credible
and granted plaintiff's motion for default judgment.  DE 18 at 2,
11.  Finding defendants liable under the FLSA and NYLL, Judge Chen
awarded damages totaling $59,440,43 for unpaid minimum wages,
overtime pay, and "spread of hours" pay; liquidated and statutory
damages under the FLSA and NYLL; prejudgment interest; and
attorneys' fees and costs.  See DE 18.  On December 22, 2014, Mr.
Mohamed filed a notice of appeal from Judge Chen's default judgment
to the Second Circuit, which was dismissed on April 3, 2015.  DE
20, 30.

On February 20, 2015, the defendants moved this Court to
vacate the default judgment pursuant to Rule 60(b).  See DE 22-9
(Mem.) at 3.  In support of their motion, defendants submitted
affidavits from George Fanous, who stated that he was the president

of El-Rawsheh Cuisine, Inc., and Mohamed Mohamed, who stated that he was the vice president of El-Rawsheh Cuisine, Inc.  See DE 22-2 ("Fanous Aff.") at ¶¶ 1; DE 22-3 ("Mohamed Aff.") at ¶ 3.  Both Mr. Fanous and Mr. Mohamed stated that they were not served with the summons and the complaint.  Fanous Aff. at ¶ 11; Mohamed Aff. at ¶ 6.  Mr. Fanous confirmed that Mr. Mohamed is vice-president of El-Rawsheh Cuisine, Inc. and that together they "manage El-Rawsheh, a restaurant and hookah bar."  Fanous Aff. at ¶ 3.

Mr. Fanous and Mr. Mohamed both stated that no one named Kristen Goldberg ever worked with the defendants, and that they do not even know such an individual.  See Fanous Aff. at ¶ 6; Mohamed Aff. at ¶ 3.  They also stated that if an employee had ever received the summons and complaint, the employee would have notified them, and they would have responded.  See Fanous Aff. at ¶ 5; Mohamed Aff. at ¶ 4.  Defendants also submitted an affidavit from Ihab Ilbana, an employee at El-Rawsheh Cuisine, who stated that during the time he was employed by the defendants since early 2014, no one attempted to serve him with papers at any time and he did not accept any papers concerning this lawsuit.  DE 22-4 ("Ilbana Aff.") at ¶ 2.  Mr. Ilbana also stated that had anyone left any service papers in his vicinity, he would have given them to either Mohamed Mohamed or George Fanous.  Id. at ¶ 3.

In opposition, plaintiff's counsel, Jeanne Mirer, filed an affidavit asserting that defendants were properly served and had actual notice of this action.  See DE 24 ("Mirer Aff.").  She also stated that prior to filing this action, she sent a letter advising

Mr. Mohamed of plaintiff's claims by USPS Certified Mail which the
USPS tracking indicated was delivered on July 5, 2014.  Id. at ¶ 7;
DE 24-2.  She later received a message from Mr. Mohamed to call him
and when she called back, had a discussion with him about
plaintiff's claims during which she advised Mr. Mohamed either to
hire a lawyer or to file an answer himself.  See Mirer Aff. at ¶¶
10-11, 13-18; DE 24-3 (call log). After the call, she had no
further no communication from Mr. Mohamed.  Id. at ¶ 19.


## FINDINGS OF FACTS

This Court held a traverse hearing held on September 14, 2016
over plaintiff's objection[3] at which Rose Regina Lawrence, Mohamed
Mohamed and George Fanous testified.  I found Ms. Lawrence credible
and make the following findings of fact based primarily on her
testimony.

Ms. Lawrence previously worked at the offices of plaintiff's
counsel as an office manager and legal assistant.  Tr. at 9.  As
part of her duties, she was responsible for serving or arranging
for service of process.  Id.  After Ms. Lawrence was asked to serve

---

[3]  As plaintiff correctly notes, a process server's sworn
affidavit establishes a presumption of service, which may be
rebutted only by a sworn denial of receipt of service.  Old
Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57
(2d Cir. 2002).  Although "[a] court may discredit denials of
service where there is ample evidence to conclude that the
defendant's statements lacked credibility," this Court found that
defendants' affidavits sufficed to raise a factual dispute
necessitating a hearing. DeCurtis v. Upward Bound Int'l, Inc., 2012
WL 4561127, at *4 (S.D.N.Y. Sept. 27, 2012) (citing Old Republic
Ins. Co., 301 F.3d at 58.)

to Mohamed Mohamed, she went on July 29, 2014 to El-Rawsheh Cuisine or Cafe located at 2548 Steinway Street, Asotoria, New York.  Tr. at 10; Exhs. 1, 2 (affidavits of service).  After entering the restaurant, Ms. Lawrence spoke with a man standing behind the cash register and asked to speak to Mr. Mohamed.  Tr. at 10.  The man identified himself as Ihab Ilbana and told her that Mohamed Mohamed was not in but might be in later.  Tr. at 10-11.  Ms. Lawrence then asked to whether Kristen Goldberg was there.  Tr. at 11.  Mr. Ilbana was unclear in his answer, but did not indicate that he had never heard of the name. Tr. at 11, 18.

Ms. Lawrence then handed Mr. Ilbana two envelopes which each contained a summons and the complaint, one of which was addressed to Mr. Mohamed and the other addressed to Kirsten Goldberg.  Tr. at 11-12.  She could not recall whether she handed the envelopes to Mr. Ilbana or she left them on the counter, but testified that Mr. Ilbana took the envelopes and walked to the back through two large doors.  Tr. at 12.  Ms. Lawrence later mailed the summons and complaint to Mr. Mohamed and Ms. Goldberg via first class mail. Tr. at 12-13; Exhs. 1, 2 (affidavits of service).

Ms. Lawrence further testified that on August 15, 2014, she wrote on a telephone memo pad that she had received a telephone call at around 2:05 p.m. from a "Mohammed Mohammed," who left a message for Jeanne Mirer to call.  Tr. at 13-14; Exh. 3.  As the memo indicates, Mr. Mohamed called from phone number (718) 267-6222.  Id.  Mr. Mohamed confirmed in his testimony that that is the store phone number.  Tr. at 29.  Ms. Lawrence further testified

that on July 2, 2014, she filed a letter from Jeanne Mirer which
was mailed by certified mail addressed to Mr. Mohamed, the three
defendant corporations and Kirsten Goldberg to the Steinway Street
address. Tr. at 14-15; Exh. 4.[4]  Ms. Lawrence obtained a printout
from USPS.com indicating that the certified letter sent was
delivered on July 5th.  Tr. at 16; Exh. 5.

　　Ms. Lawrence admitted in cross examination that she had not
asked Mr. Ilbana whether Mr. Mohamed was in the military service,
but explained that she believed that he was not, based on her
understanding that plaintiff had only recently worked at El-Rawsheh
and had been seeing Mr. Mohamed regularly.  Tr. at 18, 19.

　　Both Mr. Mohamed and Mr. Fanous denied having received a copy
of the summons and complaint and, specifically, having received
process from Mr. Ilbana.  Tr. at 22, 30, 38, 40, 41.  However, I
found Ms. Lawrence credible that she handed two envelopes with the
summons and complaint to Mr. Ilbana, particularly since she is not
likely to have otherwise obtained Mr. Ilbana, unless she had spoke
to him at the restaurant when he worked, as defendants admit.  Both
Mr. Mohamed and Mr. Fanous also denied having spoken to any lawyer
about the case and Mr. Mohamed denied having received Ms. Mirer's
July 2, 2014 letter or the motion for default judgment.  Tr. at 23,
27-8, 31-32, 39.  Mr. Mohamed testified that he worked only part-
time at the restaurant to help Mr. Fanous.  Tr. at 21-22.

---

[4]  Although plaintiff did not formally move to admit Exhibits 4
and 5, defense counsel had indicated at the start of the hearing
they would stipulate to the exhibits since they were already part
of the record.  Tr. 6.

Following the hearing, Mr. Mohamed filed an affidavit stating that
he was confused by the similar names of the defendant corporations
and that was the owner and president of a different corporation
named El-Rawsheh, Inc.  See DE 34-1 at ¶ 2.  That corporation,
which operated a restaurant he managed, was incorporated in 2000
but was dissolved by proclamation in 2005 and had been out of
business for over ten years.  Id.  Mr. Mohamed stated that Mr.
Fanous took over operations in 2009 through an entity named "El-
Rawsheh Cuisine, Inc." Id. at ¶ 3-4.  Mr. Mohamed disclaimed
having any ownership interest or position in El-Rawsheh Cuisine,
Inc., but admitted he worked part-time assisting Mr. Fanous in the
evenings.  Id. at ¶ 5.  Irrespective of the foregoing explanation,
I find, as Mr. Mohamed testified, that he worked "for El-Rawshe as
a manager part-time." Tr. at 26.  This testimony is confirmed by
Mr. Fanous who testified that "Mohamad is manager" and was needed
to help with reading and writing because Mr. Fanous does not speak
English well.  Tr. at 38.  Such testimony is consistent with the
affidavits filed by both Mr. Mohamed and Mr. Fanous before the
hearing that although Mr. Fanous was president, Mr. Mohamed worked
part time and helped operate the business.  Fanous Aff. at ¶ 2;
Mohamed Aff. at ¶ 3; Reply Aff. of Mohamed, DE 28-1 at ¶¶ 4-5.

## DISCUSSION

## I.  Legal Standards

Federal Rule of Civil Procedure 55(c) permits litigants to
petition the court to "set aside an entry of default for good

cause, and . . . set aside a default judgment under Rule 60(b)."
Fed. R. Civ. P. 55(c); <u>see</u> <u>also</u> <u>Enron Oil Corp. v. Diakuhara</u>, 10
F.3d 90, 95 (2d Cir. 1993).  Fed. R. Civ. P. 60(b) authorizes a
court to relieve a party from a final judgment for the following
reasons:

> (1) mistake, inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence that, with
> reasonable diligence, could not have been discovered in
> time to move for a new trial under Rule 59(b); (3) fraud
> (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; (5) the judgment has been
> satisfied, released or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

Because default judgment is "the most severe sanction which
the court may apply," the court should resolve all doubts in favor
of the party seeking to vacate, so as to ensure that disputes are
resolved on the merits when possible.  <u>New York v. Green</u>, 420 F.3d
99, 104 (2d Cir. 2005).  On the other hand, default procedures
"provide a useful remedy when a litigant is confronted by an
obstructionist adversary . . . [and] those procedural rules play a
constructive role in maintaining the orderly and efficient
administration of justice."  <u>Enron</u>, 10 F.3d at 96.  Since the
district court is in the best position to assess the individual
circumstances of a given case, the disposition of motions for
default or seeking entry of default is left to the sound discretion
of a district court.  <u>See</u> <u>State St. Bank & Trust Co. V. Inversiones</u>
<u>Errazuriz Limitada</u>, 374 F.3d 158, 166 (2d Cir. 2004); <u>see also</u>
<u>Enron</u>, 10 F.3d at 95.

In considering a motion to vacate default judgment under Rule 60(b), a court must consider "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013).  Although the factors used by courts to decide whether to set aside a default or a default judgment under Rule 55(c) are the same, where, as here, there has been entry of both default and default judgment, courts must "apply the factors more rigorously ... because the concepts of finality and litigation repose are more deeply implicated in the latter action." Enron, 10 F.3d at 96 (internal citation omitted). See also Green, 420 F.3d 99, 109 (2d Cir. 2005) (noting that the "good cause" standard in Rule 55(c) is less rigorous than the standard under Rule 60(b)).

II.   Defendants' Grounds for Vacatur under Rule 60(b)

Although defendants state in their motion that they are moving pursuant to subsections (b)(1), (3), (4) and (6) of Rule 60, they argue that they were not properly served as the ground for vacatur under subsections (b)(1) and (b)(4). See DE 22-9 at 4-5.  Thus, I address both grounds together since courts have ordinarily construed motions to vacate on grounds of insufficient service of process as motions made under Rule 60(b)(4). See Westchase Residential Assets II, LLC v. Gupta, 2016 WL 3688437 at *2 (E.D.N.Y. Jul. 7, 2016) (citing cases); Arista Records, Inc. v. Musemeci, No. 03CV4465, 2007 WL 3124545, at *2 (E.D.N.Y. Sept. 18,

2007), report and recommendation adopted, 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007).  In any event, given defendants' vigorous denial of any service of the summons and complaint on them, their claim of mistake, excusable neglect or inadvertence under subsection (b)(1) make little sense.

"Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant." Mastroianni v. Reilly, 602 F. Supp. 2d 425, 434 (E.D.N.Y. 2009) (quoting AICPA v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998)).  Therefore, a judgment is void and cannot be enforced if it is entered against a party over whom the court lacks personal jurisdiction.  "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 122-23 (2d Cir. 2008); Velez v. Vassallo, 203 F. Supp. 2d 312, 317-18 (S.D.N.Y. 2002).

In the context of a motion to vacate a judgment under Rule 60(b)(6), the burden of proving proper service depends on the circumstances; although the burden ordinarily rests with the plaintiff, where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur.  Khaldei v. Kaspiev, No. 10 CIV. 8328, 2014 WL 2575774, at *5 (S.D.N.Y. June 9, 2014) (citing Burda Media Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)).

Defendants conceded at the hearing that service on the three named corporate defendants was proper.  Tr. at 8.  As for service on Mohamed Mohamed, Rule 4(e)(1) of the Federal Rules of Civil

-11-

Procedure provides that service of process upon an individual
located within a judicial district of the United States may be
effected "pursuant to the law of the state in which the district
court is located, or in which service is effected."  In New York,
service may be effected upon a natural person by: (1) personal
service; (2) delivering the summons to a person of suitable age and
discretion at the individual's actual place of business, dwelling
place or usual place of abode, and mailing it; (3) serving the
individual's agent; or (4) affixing the summons to the individual's
actual place of business, dwelling place, or usual place of abode,
and mailing it.  See New York State Civil Practice Law and Rules,
§§ 308(1)-(4).

     Based on my findings of fact discussed above, I conclude that
plaintiff established that he properly served defendant Mohamed at
his place of business.  The term "actual place of business" has
been defined as a place where the defendant is regularly physically
present or regularly transacts business.  See Underwood v. Shukat,
No. 01 CV 786, 2002 WL 1315597, at *1 (S.D.N.Y. June 14, 2002).
Ms. Lawrence testified at the hearing and attested in her affidavit
of service that she delivered two envelopes containing the summons
and complaint to Mr. Ihab Ilbana, a person of suitable age and
discretion working at El-Rawsheh Cafe.  Based on Mr. Ilbana's
response to Ms. Lawrence, as confirmed by the testimonies of Mr.
Mohamed and Mr. Fanous, Mr. Mohamed regularly worked at El-Rawsheh,
the business where he was served.  Ms. Lawrence also mailed process
to Mr. Mohamed at El-Rawsheh.  As he admitted, Mr. Mohamed received

mail at the restaurant, see Tr. at 27-28, and thus, would have received the summons that Ms. Lawrence mailed to him at the restaurant, as well as the motion for default judgment mailed two months later.  Thus, I conclude that plaintiff satisfied his burden of proving proper service on Mr. Mohamed.

Further, I note that the burden of proof may be properly placed on defendants under Burda in light of the evidence in the record suggesting that defendants had actual notice of this proceeding and delayed filing the instant moving to vacate.  As Ms. Lawrence credibly testified, a Mr. Mohamed called and left a message for Ms. Mirer in August.  There would have been no reason for a person claiming to be "Mohammed Mohammed" to call Ms. Mirer's office in August 2014 had he not received the summons, whether the copy left at his workplace by Ms. Lawrence or the copy she mailed to him there. In addition, plaintiff's counsel gave notice of this action and entry of default when she served plaintiff's motion for default judgment on Mr. Mohamed by mail on October 20, 2014.  DE 15-5.  Also, given defendants' abandonment of their argument that the corporate defendants were not properly served via the Secretary of State, process was presumably mailed to the corporate defendants at El-Rawsheh.  Although Mr. Mohamed argues in his post-hearing affidavit that he would not have received process mailed by the New York Secretary of State to any of the defendant corporations, see DE 34-1 at ¶ 4, the fact remains that the Secretary of State would have mailed the summons and complaint to the three defendant corporations at the business address where he worked and received

mail.[5]  Since Mr. Fanous relied on Mr. Mohamed to help read
documents, even if the mailings from the Secretary of State were
not addressed to Mr. Mohamed, he would have likely seen the
documents in helping Mr. Fanous.  Thus, Mr. Mohamed is hard pressed
to deny that he did not receive actual notice of this action months
before filing the instant motion to vacate default judgment on
February 20, 2015.  DE 22.

Although Mr. Mohamed filed a pro se notice of appeal on
December 22, 2014 (DE 20), he did not pay the filing fee by January
14, 2015, as required by the rules of the Second Circuit (aee DE
30), a failure that also weighs in favor of a finding of delay.
Clearly, the defendants have not met their burden of demonstrating
insufficient service and recommend that the motion to vacate be
denied.  See Burda Media Inc., 417 F.3d at 298.

Although defendants complain that Ms. Lawrence failed to
inquire whether Mr. Mohamed was in military service, such failure
does not render her service defective.  See Post Trial Memorandum
of Law (DE 24) at 2.  As Ms. Lawrence testified, she was at the
business just a short time after plaintiff had last work for

---

[5]  I take judicial notice pursuant to F.R. Evid. 201 that the
website for the Division of Corporations of the New York Secretary
of State indicates that entities bearing the names of the three
corporate defendants -- El-Rawsheh Cafe & Restaurant Inc., El-
Rawsheh Cafe Inc., and El-Rawsheh Cuisine Inc. -- are currently
active and list 25-48 Steinway Street, Astoria, New York 11103 as
the address for service of process by the Department of State.  See
Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC, 127 F. Supp.
3d 156, 166 (S.D.N.Y. 2015) (judicial notice of publicly available
documents and information on government websites proper, including
filings with the secretary of state).

defendants and had little reason to think Mr. Mohamed was in the service.  Any shortcoming in her affidavit of service "did not rise to the level of a jurisdictional defect or provide a legal basis to vacate the default judgment otherwise properly issued, at least in these circumstances where the defaulting party 'has made no pretense of being on active military duty or being a military dependent at the time of his default.'"  See Dep't of Hous. Pres. & Dev. of City of N.Y. v. W. 129th St. Realty Corp., 9 Misc. 3d 61, 62, 802 N.Y.S.2d 826, 827 (App. Term 1st Dept. 2005) (citing Citibank, N.A. v. McGarvey, 196 Misc. 2d 292, 301, 765 N.Y.S.2d 163 (Civ. Ct. Richmond Cty. 2003) (Vitaliano, J.)).

Defendants also argue that the default judgment should be vacated under Rule 60(b)(3) because of fraud.  "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir.1989).  Rather, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir.2004) (quotations omitted).  Defendants merely complain that plaintiff made "multiple misrepresentations" and the complaint "is replete with false statements" regarding the length of time that plaintiff worked for defendants, the number of hours worked and the pay that he received.  DE 22-9 at 5-6.  Such general assertions are essentially attempts to relitigate issues already determined by

Judge Chen after hearing testimony, rather than the fraud or misrepresentation contemplated under Rule 60(b)(3). <u>Id.</u> <u>See also</u> <u>Casey v. Albertson's, Inc.</u>, 362 F.3d 1254, 1260 (9th Cir. 2004) (Rule 60(b)(3) "requires that [the] fraud not be discoverable by due diligence before or during the proceedings").

Last, defendants invoke Rule 60(b)(6) in arguing that relief is warranted to prevent imposition of a large default judgment against them. DE 22-9 at 5. However, relief under Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply." <u>ISC Holding AG v. Nobel Biocare Finance AG</u>, 688 F.3d 98, 109 (2d Cir. 2012); <u>Warren v. Garvin</u>, 219 F.3d 111, 114 (2d Cir. 2000) (citing <u>Liljeberg v. Health Serv. Acquisition Corp.</u>, 486 U.S. 847, 863 (1988)). <u>See also</u> <u>United States v. Erdoss</u>, 440 F.2d 1221, 1223 (2d Cir. 1971) (because Rules 60(b)(1) and (b)(6) are mutually exclusive, the reasons justifying relief under one cannot form the basis for relief under the other). A proper case for <u>Rule 60(b)(6)</u> relief is only one of "extraordinary circumstances, or where the judgment may work an extreme and undue hardship." <u>Marrero Pichardo v. Ashcroft</u>, 374 F.3d 46, 56 (2d Cir. 2004); <u>United States v. Karahalias</u>, 205 F.2d 331, 333 (2d Cir. 1953) (the scope of <u>Rule 60(b)(6)</u> is "extremely meagre"). Defendants provide little more than a psssing complaint about the magnitude of the judgment.

Thus, for the reasons discussed above, I recommend that the Court find that the defendants have not satisfed the requirements of Rule 60(b)(6).

III.   Considerations under Rule 55(c)

Notwithstanding defendants' failure to establish entitlement to relief under Rule 60(b), this Court also examines whether the Court should set aside the default judgment under Rule 55(c) under the three factors enunciated by the Second Circuit, albeit more rigorously.  See supra at 9; Enron, 10 F.3d at 96.

First, the court must determine whether the  defendant's default is willful, that is, that defendant "deliberately chose not to appear."  Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001).  A finding of willfulness requires a showing that the defaulting party engaged in deliberate or egregious conduct. Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996).  In other words, the court must be persuaded that the defendant made a strategic decision and deliberately chose not to appear.  See Pecarsky, 249 F.3d at 173.  When a defendant's conduct is willful, default judgment against him may not be vacated absent "compelling reasons" -- for example, where the claims were "facially invalid or utterly unsupportable" such that the resulting judgment "constituted a serious miscarriage of justice." Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57-58 (2d Cir. 1990).

Here, as discussed above, defendant Mohamed had ample notice that of this action.  After service of the summons and complaint, he attempted to talk to plaintiff's counsel, but, ultimately, chose not to act.  He took no action even after plaintiff's counsel mailed the motion for default judgment to him and, at some

unspecified time was prompted to travel to this court to obtain information from the Clerk of the Court. Tr. at 23-4. Thus, I find wilfulness on the part of defendant in defaulting.

In establishing a meritorious defense, a defendant does not need to establish its defense conclusively, but it must present facts that "if proven at trial would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998); Enron, 10 F.3d at 98. A defendant "'must present more than conclusory denials when attempting to show the existence of a meritorious defense.'ue" Green, 420 F.3d at 110 (quoting Pecarsky, 249 F.3d at 173). The evidence submitted "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron, 10 F.3d at 98. Defendants rely on the general allegations of Mr. Mohamed and Mr. Fanous that plaintiff worked for only two weeks and made false claims about his work in contending they have a meritorious defense. Post Trial Mem., DE 34 at 8. Notably, defendants and Mr. Fanous have not come forward with time records to support their general allegations, even though they are required under section 211(c) of the FLSA and appurtenant regulations to keep such records. See Santillan v. Henao, 822 F.Supp.2d 284, 291 (E.D.N.Y. 2012). New York law goes one step further and requires that employers who fail to maintain the appropriate records "bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements." N.Y. Lab. Law § 196-a; see Padilla v. Manlapaz, 643

F. Supp. 2d 302, 307 (E.D.N.Y. 2009).  Under the applicable
statutory framework, defendants' arguments fall short of a complete
meritorious defense, let alone a credible challenge to damages.
Cf. Shapkin/Crossroads Productions, Inc. v. Legacy Home Video,
Inc., 122 F.3d 1073 (9th Cir. 1997) (finding no meritorious defense
where only issue presented was willfulness of infringement "which
is only relevant regarding the amount of damages"); Silverman v.
RTV Communications Group, Inc., 2002 WL 483421, at *4 (S.D.N.Y.
2002) (holding that defendant's claim that he did not intentionally
infringe failed to present a meritorious defense).

       Also, I find Mr. Mohamed's attempt in his most recent
affidavit to claim he had a minimal role in the operations of the
current restaurant not persuasive in light of the testimony and
prior affidavits regarding his role in managing the restaurant
discussed above.  See supra at 8.  In the face of the prior
statements about what he actually did, he cannot raise a
meritorious defense and avoid individual liability at this
juncture.

       This Court finds that the third factor of prejudice weighs
only slightly in favor of defendants given the delay involved.
There was a delay of less than a year between the service and the
filing of motion to vacate, and an even shorter period of time
between the motion to vacate and entry of default judgment.
However, the short period of time involved is due, in large part,
to plaintiff's diligence.  Plaintiff commenced this action on July
23, 2014, a month after his employment with defendants ended, and

counsel proceeded to effectuate service immediately.  After
defendants failed to appear, plaintiff promptly requested entry of
default on August 22, 2014 and, after entry of default, moved for
default judgment on October 20, 2014, several weeks before the
deadline set by this Court.  Judge Chen held a hearing shortly
thereafter and a default judgment was entered on November 26, 2014.

Thus, I find that the two factors of wilfulness and lack of a
meritorious defense present here are sufficient to overcome the
strong preference for resolving disputes on the merits.  See
Capitol Records v. Defries, 2012 WL 3041583, at *8 (S.D.N.Y. 2012)
(granting plaintiff's motion for default against pro se defendant).

In sum, given the absence of an adequate ground under Rule
60(b) to reopen the judgment, the evidence of defendants'
wilfulness and the lack of a complete meritorious defense, I
respectfully recommend that the motions of defendants El-Rawsheh
Cafe & Restaurant Inc., El-Rawsheh Cafe Inc., and El-Rawsheh
Cuisine Inc. to vacate default judgment be denied.

Last, I note with respect to the confusion over the spelling
of Mr. Mohamed's name that that is not a ground for vacating
default judgment.  Courts should permit proofs of service and
summonses to be freely amended unless the defendant would be
materially prejudiced by such amendment.  See Fed. R. Civ. P.
4(a),(l); O'Connor v. 11 West 30th Street Rest. Corp., Nos. 94 Civ.
2951 (LMM), 93 Civ. 8895 (LMM), 1995 WL 354904 (S.D.N.Y. Jun. 13,
1995).  Thus, "[h]armless errors that otherwise give a defendant
proper notice, such as misspelling the defendant's name . . . are

clearly amenable nun pro tunc." O'Connor, 1995 WL 354904, at *8
(quoting Gianna Enterprises v. Miss World (Jersey) Ltd., 551 F.Supp
1348, 1358 (S.D.N.Y. 1982)). See also Seedman v. Hilton Hotel
Corp., No. 99 Civ. 3561 (SAS), 1999 WL 1243874 (S.D.N.Y. Dec. 22,
1999) (misspelling of defendant's full name technical error not
invalidating service); Robinson v. Turner, 886 F. Supp. 1451 (S.D.
Ind. 1995) (amendment permitted when defendant's name spelled
'Brookmerkel' instead of 'Brodmerkel'). Given the inconsistent
spellings of his name by Mr. Mohamed himself in his testimony and
two affidavits submitted, any misspelling of his name is not likely
to have thwarted notice to him. As such, plaintiff should be
permitted to amend the complaint, nunc pro tunc, to reflect the
correct spelling of defendant's name and the judgment amended
accordingly.

CONCLUSION

For the foregoing reasons, I respectfully recommend that the
motions of defendants El-Rawsheh Cafe & Restaurant Inc., El-Rawsheh
Cafe Inc., and El-Rawsheh Cuisine Inc. to vacate default judgment
be denied.

This report and recommendation will be filed and a copy sent
electronically. Any objections must be filed with the Clerk of
Court, with a copy to Judge Chen, on or before March 31, 2017 at
5:30 p.m. Failure to file timely objections may waive the right to

appeal the District Court's Order.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

     **SO ORDERED.**

Dated:     Brooklyn, New York
             March 17, 2017

                        _____/s/_____
                        MARILYN D. GO
                        UNITED STATES MAGISTRATE JUDGE